In the Interest of J.B., C.B., S.J., B.J., and L.Z., children















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-348-CV

     IN THE INTEREST OF J.B., C.B., 
     S.J., B.J., AND L.Z., CHILDREN,
 
                                        

From the 323rd District Court
Tarrant County, Texas
Trial Court # 323-57274-J
                                                                                                                

DISSENTING OPINION
                                                                                                                

      A motion for new trial is a prerequisite to a complaint about the factual sufficiency of the
evidence to support a jury finding. Tex. R. Civ. P. 324(b)(2). A point in a motion for new trial
“shall briefly refer to that part of the ruling of the court . . . or other proceeding . . . in such a
way that the objection can be clearly identified and understood by the court.” Id. 321. A general
objection, such as “the verdict of the jury is contrary to law” should not be considered by the
court. Id. 322.
      The jury found against Burton on three questions. Burton's motion for new trial complained
that the “jury erred in finding from clear and convincing evidence” that: (1) she knowingly placed
or knowingly allowed the children to remain in conditions and surroundings which endangered
their well-being; (2) she engaged in conduct or knowingly placed the children with persons who
engaged in conduct which endangered their well-being; and (3) termination of her parental rights
is in the best interest of the children. The complaints in the motion for new trial use the same
language as that used in the three questions which the jury found against Burton. 
      I do not believe Burton's motion for new trial can be construed in any way other than as a
factual-sufficiency complaint about the jury's findings on the three specific questions. Thus, I
would find Burton's motion sufficiently specific to preserve her factual-sufficiency complaints on
appeal. 
      Because the majority does not, I respectfully dissent. 
 
                                                                               BILL VANCE
                                                                               Justice

Opinion delivered and filed June 17, 1998
Do Not Publish